# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

EMPLOYERS' INNOVATIVE
NETWORK, LLC, et al.,

                Plaintiffs,

v.                                                CIVIL ACTION NO. 5:18-cv-01082

BRIDGEPORT BENEFITS, INC., et al.,

                Defendants.

### MEMORANDUM OPINION AND ORDER

The Court has reviewed the Plaintiffs' *Motion to Reconsider* (Document 226) and *Memorandum in Support of Plaintiffs' Motion to Reconsider* (Document 227). The Plaintiffs request reconsideration of the Court's *Memorandum Opinion and Order* (Document 216) granting Defendant Capital Security, Ltd.'s motion to compel arbitration. They assert the following grounds for reconsideration:

> 1) Capital Security waived its rights under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards; 2) it waived its right to arbitration by engaging in discovery that is not allowed in arbitration; 3) its request for arbitration was in violation of W.Va. Code § 33-44-10; 4) its arbitration claim is reverse-preempted by the McCarran-Ferguson Act; 5) the arbitration was not incorporated into the Policy; and 6) the Plaintiffs are not equitably estopped from challenging arbitration.

(Mot. at 1.)

A motion for reconsideration of an interlocutory order under Rule 54(b) is "not subject to the strict standards applicable to motions for reconsideration of a final judgment," because "a

district court retains the power to reconsider and modify its interlocutory judgments…at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003). "Although Rule 54(b) does not specify grounds for seeking reconsideration, the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Howard v. W. Virginia Div. of Corr.*, No. 2:13-CV-11006, 2016 WL 1173152, at *5 (S.D.W. Va. Mar. 22, 2016) (Johnston, J.).

Motions for reconsideration generally "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." 11 Wright, et al., Federal Practice & Procedure § 2810.1 (3d. ed.) (discussing Rule 59(e)); *Ruffin v. Entm't of the E. Panhandle*, No. 3:11-CV-19, 2012 WL 1435674, at *5 (N.D.W. Va. Apr. 25, 2012) (applying rule to Rule 54(b) motions); *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 584 (D. Md. 2018) (same).

The Plaintiffs' motion asserts arguments that either were fully litigated and considered in the original briefing and opinion or are based on facts and law that were available at the time of the original briefing. To the extent it raises new arguments, it does not state good cause for the failure to bring those arguments in the response to Capital Security's motion. The Court declines to permit a second round of briefing on this issue, finding that doing so would give rise to unfair prejudice to the parties that followed the scheduling order and briefing deadlines. Further, finality in the resolution of a motion to compel arbitration is particularly vital to permit the parties to move toward resolution of the merits in the appropriate forum.

Accordingly, after careful consideration, the Court **ORDERS** that the Plaintiffs' *Motion to Reconsider* (Document 226) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: September 17, 2019

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA