UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

EMPLOYERS' INNOVATIVE
NETWORK, LLC, et al.,

                Plaintiffs,

v.                                        CIVIL ACTION NO. 5:18-cv-01082

BRIDGEPORT BENEFITS, INC., et al.,

                Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiffs' Motion to Set Aside Final Arbitration Award, filed on April 21, 2022. [Doc. 243]. Defendants Bridgeport Benefits, Inc., Voluntary Benefit Specialists, LLC, Wayne Blasman, Stephen Salinas, and Casey Blasman ("the Bridgeport Defendants") filed a response in opposition to Plaintiffs' motion on May 5, 2022. [Doc. 245]. Defendants Capital Security, Ltd., Universal Risk Intermediaries, Inc., and Jeana Nordstrom ("the Nordstrom Defendants") also filed a response in opposition to Plaintiffs' motion on May 5, 2022. [Doc. 246]. Plaintiffs filed a joint reply on May 12, 2022. [Doc. 247]. The matter is ready for adjudication.

## I.

On April 2, 2018, Plaintiffs filed suit against these Defendants in the Circuit Court of Wyoming County. Plaintiffs' Complaint alleges the unauthorized practice of insurance, breach of fiduciary duty, slander, negligence, breach of contract, fraud in the inducement, fraud in the performance, and civil conspiracy. [Doc. 1 Ex. D]. The case was removed on June 27, 2018. [Doc.

1].

On July 17, 2018, Plaintiffs filed a Motion for Entry of Default against the Nordstrom Defendants. [Doc. 12]. The Clerk entered a default against the Nordstrom Defendants on July 18, 2018. [Doc. 14]. On July 20, 2018, the Nordstrom Defendants filed a Motion to Set Aside Default and filed a proposed Motion to Dismiss and a request to compel arbitration. [Docs. 15, 16].

On February 25, 2019, the Court granted the Nordstrom Defendants' Motion to Set Aside Default. [Doc. 67]. Later that day, the Nordstrom Defendants filed a Memorandum of Law in support of their Motion to Dismiss and request to compel arbitration. [Doc. 69]. On March 11, 2019, Plaintiffs filed a response to the Nordstrom Defendants' Motion to Dismiss and request to compel arbitration. [Doc. 74]. The Nordstrom Defendants filed a reply to Plaintiffs' response on March 31, 2019. [Doc. 82].

On August 2, 2019, the Court granted the Nordstrom Defendants' Motion to Dismiss and compelled the parties to arbitration in Bermuda pursuant to the terms of the parties' Client Service Agreement. [Doc. 216]. In response, the Bridgeport Defendants moved to have the entire matter referred to arbitration based upon the principle of equitable estoppel. [Doc. 220]. Plaintiffs filed a reply in opposition to the Bridgeport Defendants' attempt to have the entire matter referred to arbitration. [Doc. 222].

On September 16, 2019, Plaintiffs filed a Motion to Reconsider this Court's Order which compelled arbitration. [Doc. 227]. Plaintiffs claimed the Nordstrom Defendants had waived their right to arbitration by engaging in discovery and behaving in a way that was inconsistent with the desire to arbitrate. [*Id*.]. On September 17, 2019, the Court denied Plaintiffs' Motion to Reconsider, and reasoned Plaintiffs, without good cause, failed to bring the waiver argument in

prior briefing. [Doc. 228]. Plaintiffs then withdrew their opposition to the Bridgeport Defendants' participation in arbitration. [Doc. 230]. The Court then referred all parties to arbitration in Bermuda and stayed the matter pending arbitration. [Doc. 231].

On January 22, 2022, Plaintiffs were served with the Arbitration Award, which found in favor of Defendants. [Doc. 244 at 1 n.2]. On April 21, 2022, Plaintiffs filed the motion at issue. [Doc. 244]. In this motion, Plaintiffs are seeking to have the Bermudan Arbitration Award set aside, once more asserting the Nordstrom Defendants waived the right to arbitration. [*Id.*]. In the alternative, Plaintiffs request the Court refuse to recognize the Bermudan Arbitration Award under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, T.I.A.S. 6997. [*Id.*]. Specifically, they cite Article V(2)(b) of the Convention, which permits a court to refuse to recognize an arbitral award, if recognition of the award "would be contrary to the public policy" of the country where recognition is sought.

Plaintiffs' claim the Nordstrom Defendants waived the right to arbitrate by serving discovery prior to the Court ruling on the default and arbitration issues. [Doc. 244]. Plaintiffs contend the Nordstrom Defendants served and received answers to numerous discovery requests. [*Id*. at 8]. Moreover, Plaintiffs claim, based on the arbitration rules found in the Model Law on International Commercial Arbitration (U.N. Comm'n on Int'l Trade Law, 2006) which governed the arbitration proceeding, the Nordstrom Defendants would not have been entitled to the information they received in discovery. [*Id*.].

Alternatively, Plaintiffs are requesting the Court refuse to recognize the arbitration award based on the assertion it is violative of United States public policy. [*Id*. at 11]. Plaintiffs claim the Arbitrator, Delroy Duncan, failed to disclose dealings which display bias in favor of the Nordstrom Defendants. [*Id.* at 12]. Allegedly, Mr. Duncan is the director of a law firm that is

currently being sued for $18,000,000 by Attorneys Keith Robinson and Sam Stevens. [*Id.* at 15]. Attorneys Robinson and Stevens also represented the Nordstrom Defendants in the arbitration proceeding. [*Id.*]. Further, Katie Tornari, the Vice-Chair of the Chartered Institute of Arbitrators, Bermuda Branch, the entity which appointed Mr. Duncan as Arbitrator, is alleged to be the attorney who is representing Mr. Duncan's firm in this lawsuit. [*Id.*].

Plaintiffs assert they were unaware of the litigation involving the Nordstrom Defendants' attorneys and Mr. Duncan until after the entry of the Arbitration Award. [*Id.* at 1]. When requested, Mr. Duncan allegedly failed to provide information regarding the potential conflict of interest and its disclosure. [*Id.* at 19]. Upon a formal challenge, Mr. Duncan stated that he did not think he needed to withdraw from the matter. [*Id.*]. Accordingly, Plaintiffs assert there is a conflict of interest making the Arbitration Award contrary to United States public policy. [*Id.* at 20].

Additionally, as a result of Mr. Duncan's alleged conflict of interest, on May 4, 2022, Plaintiffs filed an appeal with the Chartered Institute of Arbitrators, Bermuda Branch. [Doc. 248 Ex. E]. On July 8, 2022, the Nordstrom Defendants filed a response to Plaintiffs' appeal. [*Id.* at Ex. F]. Plaintiffs filed a reply to the Nordstrom Defendants' response on July 18, 2022. [*Id.* at Ex. G]. The status of this appeal is currently unknown.

On May 5, 2022, the Bridgeport Defendants responded in opposition to Plaintiffs' Motion to Set Aside Final Arbitration Award. [Doc. 245]. The Bridgeport Defendants first assert the Court has no jurisdiction to set aside the arbitration award. [*Id*. at 2-4]. These Defendants also claim the grounds asserted by Plaintiffs for setting aside the arbitration award are inapplicable to them. [*Id*. at 4-5]. Finally, the Bridgeport Defendants contend Plaintiffs' request for this Court to refuse to recognize the arbitration award is premature. [*Id*. at 5-6].

4

Also on May 5, 2022, the Nordstrom Defendants responded in opposition to Plaintiffs' Motion to Set Aside Final Arbitration Award. [Doc. 246]. The Nordstrom Defendants first assert Plaintiffs motion violates the stay entered October 8, 2019 [Docs. 231, 246 at 5]. Next, they claim the Court has no authority to set aside, vacate or modify the Arbitration Award. [Doc. 246 at 6-11]. The Nordstrom Defendants also contend Plaintiffs' motion is not ripe for adjudication because no request has been made for the Court to enforce the Arbitration Award. [*Id*. at 11-13]. Finally, the Defendants allege Plaintiffs motion fails to state a cognizable challenge to the Arbitration Award. [*Id*. at 13-14].

Included in the responses filed by both Defendants are requests for attorney fees and costs. In support, the Bridgeport Defendants claim "Plaintiffs filed this frivolous motion without any good faith basis for invoking this Court's Jurisdiction." [Doc. 245 at 6]. While the Nordstrom Defendants allege Plaintiffs acted in "bad faith, vexatiously, wantonly, or for oppressive reasons in filing their motion." [Doc. 246 at 14].

On May 12, 2022, Plaintiffs filed a joint reply to both Defendants' responses in opposition to their Motion to Set Aside Final Arbitration Award. [Doc. 247]. First, Plaintiffs contend this Court does have jurisdiction to adjudicate the issues presented in their motion. [*Id*. at 3-4]. Next, Plaintiffs claim their motion is timely as they are required to challenge the award within three (3) months of its issuance. [*Id*. at 4-6].  Finally, Plaintiffs contend the waiver and conflict of interest issues affect all parties to the arbitration and, because the Arbitrator entered a "Final Award," claim the stay issued by this Court has been lifted. [*Id*. at 6-8].

On June 7, 2022, Plaintiffs filed a Status Report. [Doc. 248]. In the Status Report, Plaintiffs requested the following action from the Court: (1) remove the matter from the inactive docket and place it on the active docket, (2) lift the stay which was entered in this matter on October

9, 2018, (3) withhold ruling on Plaintiffs' Motion to Set Aside Final Arbitration Award until the Institute has ruled on Plaintiffs' appeal, and (4) order the parties to provide the Court with the Institute's ruling on Plaintiffs' appeal within five (5) days of its entry. [*Id*. at 3].

## II.

In deciding whether to grant the relief sought in Plaintiffs' motion, the Court must first decide whether it has jurisdiction. The Court will analyze whether the arbitration award entered by Mr. Duncan is a "final" award and, if it is, whether the stay has been lifted. Next, the Court will decide whether the motion is ripe for adjudication. Finally, the Court will once more entertain Plaintiffs' waiver argument.

### A.    *The Stay*

The Nordstrom Defendants contend Plaintiffs' motion is improper inasmuch as the stay entered October 8, 2019, remains in force. [Doc. 246 at 5]. Meanwhile, Plaintiffs claim the stay was entered "pending arbitration," and thus Mr. Duncan's entry of his "Final Award" has automatically lifted the stay. [Doc. 247 at 7-8]. The Court notes the Status Report filed by Plaintiffs on June 7, 2022, requests the Court "[l]ift the stay that was entered in this matter on October 9 [sic], 2018 [sic]." [Doc. 248 at 3].

First, as Plaintiffs apparently appreciate, there is no self-executing lift following entry of a final arbitration award. Second, although Mr. Duncan has titled his arbitral decision as a "Final Award," it is clear there are unresolved issues surrounding the arbitration. For example, Mr. Duncan must rule on the award of attorney's fees and the appeal must be adjudicated. Additionally, the appeal filed by Plaintiffs is pending before the Chartered Institute of Arbitrators,

6

Bermuda Branch. There is thus no "Final Award" as Mr. Duncan must still resolve the issue of award of attorney's fees and the pending appeal must be adjudicated. The October 8, 2019 stay remains in effect.

**B.      Jurisdiction**

Both the Nordstrom Defendants and Bridgeport Defendants assert that Plaintiffs' Motion to Set Aside Final Arbitration Award is not ripe for adjudication. [Doc. 246 at 11-13, Doc. 245 at 5-6]. Moreover, in the Status Report filed June 7, 2022, Plaintiffs recommend the Court "[w]ithold ruling on Plaintiffs' Motion to Set Aside Final Arbitration Award until such time that the Institute has ruled on Plaintiffs' appeal." [Doc. 248]. The Nordstrom Defendants contend Plaintiffs' Motion to Set Aside Final Arbitration Award is not ripe inasmuch as there is no pending motion to enforce the Bermudan Arbitration Award. [Doc. 246 at 11-13]. Thus, according to the Nordstrom Defendants, no "case or controversy" exists, and this Court has no subject matter jurisdiction over the motion. [*Id.*]. The Bridgeport Defendants agree. [Doc. 245 at 5-6].

In response, Plaintiffs claim they had to file the current motion because all challenges to the Bermudan Arbitration Award must be made within three (3) months of the Final Award. [Doc. 247 at 4-5].

However characterized, on ripeness or other grounds, the absence of a final arbitration award, at a minimum, precludes the relief Plaintiffs presently seek. Inasmuch as a final arbitration award has not been entered, the three (3) month period for challenging the award has not accrued.

*C.*     *Waiver*

Plaintiffs again assert the decision to compel arbitration was incorrect. Despite a ruling on the waiver issue, not once but twice, and arbitration having occurred, Plaintiffs claim Article II(3) of the Convention provides the authority to raise the argument anew. As explained in further detail, Plaintiffs have waived this argument by failing to assert the defense in their initial response to the Nordstrom Defendants' Motion to Dismiss and request to compel arbitration.

As noted, the Court has previously entertained Plaintiffs' argument that the Nordstrom Defendants have waived their right to arbitration. [Doc. 228]. The Honorable Irene Berger, on September 17, 2019, denied Plaintiffs' Motion to Reconsider the Court's decision to compel arbitration. [*Id*.]. Central to Judge Berger's decision was the fact Plaintiffs' Motion to Reconsider, based on waiver of the right to arbitrate, was an argument that was available to Plaintiffs, yet not raised, at the time of the original briefing. [*Id*. at 2].

This is now Plaintiffs' second bite at the waiver apple. They assert they were "incapable of raising this issue [waiver] at that time [March 11, 2019] as Capital Security's conduct evidencing the waiver occurred *after* the briefing on Capital Security's motion." [Doc. 244 at 1 n.1] (emphasis added). This assertion is wholly disingenuous due to the Nordstrom Defendants having served discovery requests on Plaintiffs on November 2, 2018, [Docs. 50,51], over five (5) months *before* Plaintiffs filed their response in opposition to the Nordstrom Defendants' Motion to Dismiss and request to compel arbitration. Moreover, Plaintiffs then filed a Motion for Protective Order requesting this Court to enter a protective order regarding the discovery it had received on November 2, 2018. [Doc. 55].

Despite knowing of these discovery requests, Plaintiffs failed to assert the waiver argument in their March 11, 2019 response to the Nordstrom Defendants' Motion to Dismiss and

request to compel arbitration. Accordingly, Plaintiffs' assertion that they were "incapable of raising this issue [waiver] at that time [March 11, 2019] as Capital Security's conduct evidencing waiver occurred after the briefing on Capital Security's motion" is quite simply not true. [Doc. 244 at 1 n.1]. Defendants' Motion to Set Aside Final Arbitration Award is **DENIED**.

### D.   *Attorney Fee Request*

Both the Bridgeport and Nordstrom Defendants are requesting an award of attorney fees against Plaintiffs for having to respond to the Motion to Set Aside Final Arbitration Award. While the Court is troubled by the waiver claim once more advanced by Plaintiffs, and the assertions made in support of this claim, the Court does not believe the award of attorney's fees is warranted. *See Harvey v. Cable News Network, Inc.*, 48 F.4th 257 (4th Cir. 2022) (overturning a district court's award of attorney's fees when the conduct did not amount to bad faith). Accordingly, the Court declines the requested award of attorney fees.

### E.   *Status Report*

Regarding the relief requested in Plaintiffs' Status Report filed on June 20, 2022, [Doc. 248], the Court **DENIES** Plaintiffs' requests to remove this matter from the inactive docket and lift the October 8, 2019 stay. The Court does, however, **ORDER** the parties to provide the Court with the Chartered Institute of Arbitrators, Bermuda Branch's ruling on the appeal and Mr. Duncan's order concerning attorney's fees and costs within five (5) days of their entry.

### III.

Based upon the foregoing, the Court **DENIES** Plaintiffs' Motion to Set Aside Final

Arbitration Award and **DENIES** Defendants' request for attorney's fees.

   The Clerk is **DIRECTED** to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

     ENTER:   January 17, 2023

Frank W. Volk
United States District Judge